COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name: National Collegiate Student Loan Trust 2006-3 v. Angela Annis-Acebo; National Collegiate Student Loan Trust 2006-4 v. Angela Annis-Acebo; National Collegiate Student Loan Trust 2007-1 v. Angela Annis-Acebo

Appellate case numbers: 01-16-00107-CV; 01-16-00109-CV; 01-16-00110-CV

Trial court case number: 2013V-0076; 2013V-0077; 02013V-0078

Trial court: 155th District Court of Austin County

The reporter's record in these causes was due on March 11, 2016. The court reporter advised us on March 28, 2016, that no financial arrangements had been made for the reporter's record. We issued notice of no payment for the reporter's record on March 28, 2016, response was due on April 25, 2016. When no response was received, this Court issued an order on May 10, 2015, that we would decide those issues that required no reporter's record and set the brief due in 30 days. On May 12, 2016, appellant provided proof of payment for the reporter's record. On May 26, 2016, appellant filed a motion to reconsider our order. On May 31, 2016, the court reporter filed a notice that she had inadvertently failed to request an extension after being paid for the reporter's record and that she does not have Exhibit 1. She states the record is ready to file "except for the missing exhibit and the final payment."

We grant the motion, withdraw our order of May 10, and order the court reporter, Vicki Brown, to file the reporter's record, without any missing exhibits, in these causes **on or before June 17, 2016**.

Because the court reporter states that Exhibit 1 is not included in the files, there is an inaccuracy in the reporter's records that may be corrected either by (1) the parties' agreement on an accurate exhibit, *see* TEX. R. APP. P. 34.6(e)(1); or (2) if the parties are unable to agree, by obtaining a trial court ruling on what constitutes an accurate exhibit, after notice and a hearing, and an order by the trial court to the court reporter including any exhibits to file in the appellate court. *See* TEX. R. APP. P. 34.6(e)(2).

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the issue regarding the disputed exhibit is resolved. The court orders the parties to file a status report with the court by **June 21, 2016** regarding the completion of the reporter's record. The court will also consider an appropriate

motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion.

It is so ORDERED.


Judge's signature: /s/ <u>Harvey Brown</u>
     ☒ Acting individually

Date: June 7, 2016